IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIBERLINK COMMUNICATIONS CORPORATION, | : : | CIVIL ACTION NO. 4661 |
| Plaintiff, | : : | |
| v. | : : | |
| HUBBELL, INC. | : : | |
| Defendant. | : | |

**PLAINTIFF'S ANSWER WITH AFFIRMATIVE
DEFENSES TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Fiberlink Communications Corporation ("Fiberlink") answers and asserts affirmative defenses to Defendant Hubbell, Inc.'s ("Hubbell") Counterclaim as follows:

31. After reasonable investigation, Fiberlink is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are deemed denied. Strict proof is demanded thereof at trial.

32. After reasonable investigation, Fiberlink is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are deemed denied. Strict proof is demanded thereof at trial.

33. Admitted upon information and belief.

34. Admitted.

35. Denied as stated. Fiberlink denies that it "held itself out to be the leading provider of Internet-based Virtual Private Networks (VPN)."

36. Denied. Fiberlink denies that it "represented to Hubbell that it could meet all of Hubbell's needs, specifications and requirements."

37. Denied. Fiberlink denies that it "specifically represented to Hubbell that its products would support Check Point security system."

38. Denied. Fiberlink denies that it "further represented that it would build a product to Hubbell's specifications."

39. After reasonable investigation, Fiberlink is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are deemed denied. Strict proof is demanded thereof at trial.

40. Denied as stated. The allegations in this paragraph are denied because they constitute an incomplete and inaccurate paraphrase of a writing which speaks for itself.

41. Admitted in part, denied in part. Fiberlink admits that a copy of the Agreement is attached to its Complaint as Exhibit "A". After reasonable investigation, Fiberlink is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are deemed denied. Strict proof is demanded thereof at trial.

42. Denied. By way of further answer, at the time of execution, Fiberlink understood that it was to provide services in conformance with the requirements of the Agreement. After reasonable investigation, Fiberlink is without knowledge or information sufficient to form a belief as to what Hubbell understood at the time of execution and, therefore, the allegations regarding what Hubbell understood are deemed denied. Strict proof is demanded thereof at trial. By way of further answer, Hubbell should have understood that the terms and conditions of the Agreement control.

43. Denied.

44. Denied. Fiberlink denies that it could not provide the required services to Hubbell and that Hubbell's termination of the Agreement was the result of any failure by Fiberlink to provide such services.

45. Admitted in part, denied in part. Fiberlink admits that it had contact with Hubbell. Fiberlink denies the remaining allegations. By way of further answer, Hubbell did not withdraw from the Agreement. To the contrary, Hubbell terminated and/or cancelled the Agreement without cause.

46. Admitted in part, denied in part. Fiberlink admits only that Hubbell complained about certain issues regarding Fiberlink's services. Fiberlink denies the remaining allegations.

47. Admitted.

48. Admitted.

## COUNT I

49. Fiberlink incorporates by references its answers to paragraphs 31 through 48 as though set forth in full.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, Fiberlink respectfully request that the Court grant judgment in its favor, deny all the relief requested by Hubbell and award Fiberlink such other relief deemed appropriate, including fees and costs.

## **AFFIRMATIVE DEFENSES**

57. Fiberlink incorporates by reference as an affirmative defense the allegations contained in its Complaint and Answer as set forth herein as though set forth in full.

58. Hubbell's Counterclaim fails to state a claim upon which relief can be granted.

59. Hubbell's Counterclaim is barred by the doctrines of estoppel and waiver.

60. Hubbell's Counterclaim is barred by the doctrine of unclean hands.

61. Hubbell's Counterclaim is barred by the parol evidence rule and/or the integration clause set forth in the Agreement.

62. Fiberlink always acted in accordance with the terms and conditions of the Agreement entered into between the parties.

WHEREFORE, Fiberlink respectfully request that the Court grant judgment in its favor, deny all the relief requested by Hubbell and award Fiberlink such other relief deemed appropriate, including fees and costs.

Respectfully submitted,

_____
Thomas S. Biemer (Pa. No. 62644)
John J. Higson (Pa. No. 80720)
DILWORTH PAXSON LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
(215) 575-7000
Fax: (215) 575-7200

Attorneys for Fiberlink Communications Corporation

Dated: October 30, 2002

## CERTIFICATE OF SERVICE

I certify that on the 30th day of October, 2002, I caused a copy of the foregoing Answer and Affirmative Defenses to Defendant's Counterclaim to be served by regular mail upon the following counsel of record:

Kathryn A. Dux, Esquire
GERMAN, GALLAGHER & MURTAGH
The Bellevue, Suite 500
200 South Broad Street
Philadelphia, PA 19102

_____

John J. Higson